JOHN NORMAN
P.O. BOX 35412
LOS ANGELES, CALIFORNIA-90035
PHONE No. (424) 200-8421
PRO-PER

FILED

2014 DEC -1  PM 2: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV14-09207-DDP(JCG)

| | |
|---|---|
| JOHN NORMAN<br>PLAINTIFF | ) Case No. Not Assigned<br>)<br>) Honorable Judge: Not Assigned<br>)<br>) PLAINTIFF'S INITAIL COMPLAINT<br>) FOR DAMAGES AS FOLLOWS:<br>) |
| -Vs- | ) 1. PROFESSIONAL NEGLIGENCE<br>) 2. NEGLIGENCE INFLICTION OF<br>)    EMOTIONAL DISSTRESS<br>) 3. VIOLATION OF EIGHTH |
| COUNTY OF LOS ANGELES<br>SHERIFF DEPARTMENT<br>DEFENDANT | )    AMENDMENT RIGHTS<br>) 4. EXCESSIVE FORCE<br>)<br>) Date:_____<br>) TIME:_____<br>) COURTROOM:_____<br>) |

Plaintiff submits it's notice to the defendant and it's Attorney/
Attornies of record of plaintiff's intent to file it's complaint in
The UNITED STATES DISTRICT COURT, located at 312 North
Spring Street, Los Angeles, California-90012 on December 1, or
As soon as time would allow for the above damages.

# TABLE OF CONTENTS:

TITLES                                                    Pages

Caption.................................................................1

Table of Contents...............................................2

Introduction........................................................3

Statement of the Facts....................................4-5

FIRST CAUSE OF ACTION..............................6

SECOND CAUSE OF ACTION.........................7

THIRD CAUSE OF ACTION...........................8-9

FOURTH CAUSE OF ACTION......................10-11

ARGUMENT........................................................12-13

MEMORANDUM OF POINTS AND AUTHORITIES..........14

DECLARATION...................................................15

CONCLUSION....................................................16

PROOF OF SERVICE.......................................17-18

## INTRODUCTION:

On February 22, 2014 plaintiff was transported to the clinic And after he was seen by the doctor; plaintiff was escourted Back to his cell. Once plaintiff arrived to his cell deputies Threw plaintiff from the gurney into the cell; causing plaintiff To fall onto the floor and hit his head. While being housed at The men central jail, at 441 Bauchet Street, Los Angeles, California-90012. Tier 3700. Since plaintiff incident he has Been under doctor's treatment, and is currently under Doctor's care from the injury to his scull and spine. Plaintiff Feels that the unwanted, unreasonable and unwelcome Conduct by the deputies toward him were indeed a violation Of his rights not to mention excessive.

76T576T

1
2
3            <u>STATEMENT OF THE FACTS:</u>
4            It is a fact that on February 22, 2014 Sheriff Deputies
5
6     Threw plaintiff from his houspital gurney into his cell causing
7
8     Him to fall onto the floor; injuring his head and spine after
9     Plaintiff was excorted from the clinic back to his cell. Which
10
11    Was a violation of the plaintiff Eighth Amendment Right.
12    It's a fact that the excessive force to the plaintiff was indeed
13
14    Unreasonable, unwanted and unwelcome conduct from the
15
16    Sheriff Deputies; when plaintiff had no contributing factor
17    That would warrant such conduct from the deputies toward
18
19    The plaintiff. Its also a fact that plaintiff still undergo
20
21    Treatment from the doctor to the injury that he sustained
22    From the fall inflicted on him by Sheriff Deputies. SEE
23
24    Hudson v. McMillian 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed.
25    2d 156 (192). Where the Supreme Court held that a serious
26
27    Physical injury is not required to establish an Eighth
28

4

Amendment violation when excessive force is alleged in a

Context. See also Whitley v. Albers that where excessive

Force is used against a convicted prisoner, the claim must

Be analyzed under the Eighth Amendment to determine

Whether cruel and unusual punishment has been applied.

See also Chambers v. pennycook, 641 F. 3d 898 ( 8th Cir.

2011) where plaintiff may prove excessive force without

Showing more than de minimis injury; reasons Wilkins v.

Gaddy is not controlling because subjective motivations

Of officers are relevant to Eighth Amendment claim, but

Not Fourth Amendment claim, but nonetheless concludes

That reasonableness of force applied is the issue, not the

Degree of  injury.

## FIRST CAUSE OF ACTION:
## PROFESSIONAL NEGLIGENCE:

Plaintiff alleges professional negligence against the
Defendant in violation of Government Code Section 19400

Plaintiff alleges professional negligence against the

Defendant on the grounds that the decision by sheriff

Deputies to throw pull plaintiff off of his houspital gurney

And throw him into the cell causing him to fall onto the

Floor injuring his head and back constitutes that the train-

Ing and supervision is indeed negligence by way of

Handling and controlling inmates housed in jail. Do to the

Fact that there were no resistance from the plaintiff to

Sheriff Deputies that would have motivated this conduct

Displayed by the deputies toward the plaintiff.

## SECOND CAUSE OF ACTION:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

Plaintiff alleges intentional infliction of emotional

Distress against the defendant in violation of Government

Code Section 19200. Plaintiff alleges intentional infliction of

Emotional distress against the defendant on the grounds

That plaintiff feels that the degree of force deputies use in

Throwing him into the cell was meant to inflict pain as well

As stress. Plaintiff also feels that since the injury to his head

And back hinder him from attaining sufficient employment

For himself as well as his family just add to the emotional

Stress from the injury cause by the deputies misconduct.

1

2

3          THIRD CAUSE OF ACTION:
           EIGHTH AMENDMENT RIGHTS VIOLATION:

4          Plaintiff alleges Eighth Amendment Rights Violation

5

6    Against the defendant on the grounds that the sheriff

7

8    Deputies decision to use excessive force toward the

9    Plaintiff was indeed unconstitutional and violated his

10

11   Eighth Amendment Right. Where plaintiff showed no

12   Threat or no resistance to the deputies; that would have

13

14   Been an motivating factor for their misconduct nor the

15   Use of force. See Danley v. Allen, 540 F. 3d 1298 (11th Cir.

16

17   2008) confining jail detainee who had stopped resisting

18

19   In cell without opportunity to shower constituted

20   Excessive Force under Eighth Amendment. The fact that

21

22   Sheriff Deputies pulled plaintiff from his gurney and

23

24   Threw him into his cell with a force that caused him to

25   Fall onto the floor causing an injury to the plaintiff's

26

27   Head and back; when plaintiff showed no threat nor

28

1          Resistance toward the deputies to motivate such use

2

3   Of force. The deputies conduct toward plaintiff was

4

5   Indeed unnecessary, unreasonable and excessive.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Fourth CAUSE OF ACTION:
### EXCESSIVE FORCE:

Plaintiff alleges excessive force against the defendant in

Violation of Government Code Section 820.2. Plaintiff alleges

Excessive Force against the defendant on the grounds that

Sheriff deputies pulled him from his houspital gurney and

Threw him into his cell causing him to fall onto the floor,

Injuring his head and back; when plaintiff showed no threat

Nor resistance that would justified such misconduct from

Sheriff Deputies toward him; which the action taken by the

Deputies toward the plaintiff violated his Eighth Amendment

Rights by the use of excessive force. SEE Garcia v. City Of

Merced, E.D. Cal. 2008, 637 F. Supp. 2d 731. Where

Immunity is not afforded to defendants under California's

Discretionary immunity statute if an officer used excessive

And unreasonable force. See also Megargee v. Wittman,

E.D. Cal. 2008, 550 F. Supp. 2d 1190. Where County was

Subject to vicarious liability under California Law for

Sheriff Deputies alleged negligence in firing 18 shots

Into stationary truck following high speed chase of

Burglary suspects and also where a governmental entity

Can be held vicarious liable under California Law when a

Police officer acting in the course and scope of employment

Uses excessive force or engages in assaultive conduct.

## ARGUMENT:

Plaintiff argues that the Court should hold the defendant

Liable  for the misconduct and the use of excessive force

Toward the plaintiff causing injuries that the plaintiff still

Suffer under doctor's care. Plaintiff also argues that the Court

Should not afford immunity to the deputies operating out of

The scope of their duties nor operating outside the policies

And constituting excessive force upon unarmed detainees

That poses no threat nor resistance to the deputies. Plaintiff

Also argues that the Court should order the defendant to set

An affirmative defense to the cause/causes of action set fore

Against it in the plaintiff initial complaint. Plaintiff argues that

The Court should find that plaintiff has set sufficient facts

Within it's complaint to put the defendant on fair notice to

Answer the plaintiff's complaint. Plaintiff also argues that

Without a trial and discovery to force the defendant to

Product the survailance video from that date of February 22,

2014 that would prove that clearly deputies use of unreason-

Able, unnecessary and excessive force toward the plaintiff.

Plaintiff also argues that it should only be required to plead

Sufficient factual context to render a finding as to state of

Mind plausible. See Mayfield v. National Ass'n for stock car

Racing Inc. ( 4th Cir. 2012 ) 674 F3d 369, 377.

## MEMORANDUM OF POINTS AND AUTHORITIES:

Danley v. Allen, 540 F. 3d 1298 ( 11th Cir. 2008 )

Chambers v. Pennycook, 641 F. 3d 898 ( 8th Cir. 2011 )

Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. ED. 2d 156 ( 1992 )

Garcia v. City Of Merced, E.D. Cal. 2008, 637 F. Supp. 2d 731

Megargee v. Wittman E.D. Cal. 2008, 550 F. Supp. 2d 1190

The Twombly/Iqbal plausibility standard

Mayfield v. National Ass'n for Stock Car Racing Inc. (4th Cir. 2012 ) 674 F3d 369,377

Wilkins v. Gaddy

Whitley v. Albers

LAWS

EIGHTH AMENDMENT RIGHTS

Government Code Section 19400

Government Code Section 19200

Government Code Section 820.2

Local Rule 9(b)

## DECLARATION:

I John Norman declare under penalty and perjury that

All statements within this initial complaint against the

Defendant is true and correct to the best of my knowledge.


I John Norman declare under penalty and perjury that i

Execute this claim on this 1, day of December in the City of

Los Angeles, State of California, Executed in the County of

Los Angeles.


DATED: _12-1-2014_          SIGNED: _John Lee Norman_

                                              Declarant

## CONCLUSION:

Plaintiff requests that the Court review it's complaint

And find that it contain sufficient facts to which relief can

Be granted and put the defendant on fair notice to answer

Plaintiff's complaint to all cause/causes of action against it

Plaintiff also requests that if the Court find any defects

Within it's complaint that plaintiff be allowed leave to

Amend it's complaint; for all defects can be curled.

DATED: 12-1-2014   SIGNED: John Lee Norman

Pro-Per

16

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b)** County of Residence of First Listed Plaintiff _Los Angeles_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

John Norman
P.O. Box 35412
Los Angeles, CA 90035

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 900,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Professional Negligence, Violation of Eight Amendment Right

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☒ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:  CV14 - 09207

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No |  | ☐ NO. Continue to Question B.2. |
|  | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. |  | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☒ Yes  ☐ No |  | ☐ NO. Continue to Question C.2. |
|  | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. |  | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Central |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**    ☒ NO    ☒ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?**    ☒ NO    ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark or copyright is not, in itself, sufficient to deem cases related.

**X.  SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**    *John La Norman*    DATE: *Dec 1, 2014*

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |